## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**PATTY HECTOR**                                                        **PLAINTIFF**

**v.**                              **No. 4:25-cv-91 JM**

**MATTHEW BRUMLEY, SALINE**
**COUNTY JUDGE, IN HIS OFFICIAL**
**CAPACITY, AND SALINE COUNTY, ARKANSAS**                    **DEFENDANTS**

<u>ORDER</u>

Pending is Defendants' motion for partial judgment on pleadings. (Doc. No. 7). Plaintiff has responded, and Defendants have filed a reply. For the reasons stated below, the motion is denied.

<u>Allegations of the Complaint</u>

The following allegations are taken from Plaintiff's complaint[1] and are viewed as true for purposes of this motion, with all reasonable inferences being given to Plaintiff.[2]

Patty Hector was hired as the Director of the Saline County Library in 2016. Saline County Judge Matthew Brumley took office in January of 2023. In early 2023, a group of dissatisfied citizens called the Saline County Republican Women (SCRW) began demanding that access to books with themes of race, sexuality, and LGBTQ characters be restricted. Brumley met with Hector in early March of 2023 and told her he wanted her to be proactive about censoring books that SCRW complained about, "regardless of legislation, regardless of law and ordinances." Hector, who answered to the Saline County Library Board, explained the library's procedures and policies for reviewing objections to books.

At its April 2023 meeting, the Saline County Quorum Court, with Brumley's approval,

---

[1] Doc. No. 1.

[2] *See Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).

passed a resolution at that the "Library should enact policies to relocate materials that are not subject matter or age appropriate for children, due to their sexual content or imagery, to an area that is not accessible to children."  This resolution was not binding on Hector or the library board. Prior to voting on the resolution, a member of the quorum court, Justice of the Peace (JP) Keith Keck, asked whether the committee could hear from the library. JP Carlton Billingsley also asked whether the quorum court should delay a vote on the resolution so they could hear the library's perspective. Hector, who was present, was not permitted to speak on behalf of the library. The resolution was passed.

In the following days, Hector made statements to the press about the resolution. She stated that the resolution was about hurting marginalized groups, not about removing inappropriate material. She stated, "I think they want to erase people of color and marginalize LGBTQ people" and "There is nothing wrong with [the challenged books]. …And every child should be heard, and seen, and supported. And not marginalized because they're not white, or straight, or Christian." *Id*. at ¶21.

Since she had not been recognized to speak at the April meeting of the quorum court, Hector signed up to speak during the public comment section for the May meeting. She made similar statements to those she had made to the press. Hector also commented on "fanatics" who post on social media calling library staff pedophiles and put up "salacious" billboards attacking the library.[3] *Id*. at ¶*33.* Around this time JP Everette Hatcher engaged in a text conversation with an individual believed to be another JP who wrote that "we are obviously dealing with a mentally unstable individual. Everything she has said is absolutely untrue and unhinged. I have been the

---

[3] In May SCRW sponsored a billboard stating "Stop X-rated library books," and in June stating that Director Hector MUST GO." *Id. ¶ 39.*

director of 3 psychiatric facilities and can tell you that she is not in touch with reality. She really needs professional help. Persecutorial personality disorder and quite possibly sckizzo affective [sic]." *Id*. at ¶38.

Later in May, Brumley addressed Hector's public comments at the meeting of the library board. Brumley reminded the board members that he was responsible for appointing its members, and that he had a "high, high, high degree of concern in regards to the leadership and the operations of the Saline County Library." *Id*. ¶ 34.[4] The library board informed Brumley that Hector would not be fired.

At a June 5, 2023 meeting of the quorum court's finance committee, an ordinance was introduced to give the county judge the authority to hire and fire library staff. The ordinance was actually an amendment to Saline County Ordinance 1978-01, Article 5, which, prior to its amendment, had read in part that "[t]he Saline County Library Board shall have the power and duty to employ or remove all employees of the Saline County Public Library and to fix, regulate and pay their salaries." The amended ordinance removed this sentence. Pursuant to Arkansas law, removing this sentence left the county judge with the authority over employment decisions at the library. Ark. Code Ann. § 14-14-1102(b)(5).

Brumley told the quorum court at that June meeting that he had lost confidence in Hector because of her stance on censorship and because of her public statements. JP Jim Whitley "commended Brumley for saying that he had lost confidence" in Hector and asked each of the

---

[4] Brumley also advised the Library Board at their May meeting that he had objected to the book *All Boys Aren't Blue* by George M. Johnson for its "very dangerous efforts to prepare queer teens" and its explicitly sexual content. Following the library's reconsideration process, the library informed Brumley on July 12, 2023 that the committee members "found that the book should stay in the collection because it provides a valid perspective on a young black queer male's experience." *Id*. ¶36(b). His was one of three book objections the library received during 2023.

other quorum court members to consider whether they had each personally lost confidence in Hector before the next meeting. *Id.* at ¶47.  The amended ordinance passed on August 21, 2023 after the requisite three readings and went into effect in late September 2023. Brumley fired Hector on October 9, 2023. In their answer to the complaint, Defendants state that Hector was the only library employee that Brumley fired following the amendment to the ordinance.

Hector's complaint alleges two causes of action.  In count one, she claims that she was unconstitutionally retaliated against for exercising her rights under the First Amendment. In count two, Hector alleges that the ordinance amending Saline County Ordinance 1978-001 is an unconstitutional bill of attainder. Defendants have filed a motion for judgment on the pleadings as to this second claim.

<u>Legal Standard</u>

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed using the same standard as a motion to dismiss for failure to state a claim pursuant to Rule (12(b)(6). *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). The Court is required to view "all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (citation omitted). "[J]udgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (internal quotations and citation omitted).

<u>Analysis</u>

A bill of attainder as "a legislative act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial." *United States v. O'Brien*, 391

U.S. 367, 384, at n.30 (1968). To state a claim pursuant to the bill of attainder clause[5], a plaintiff must allege "the three definitional elements—specificity in identification, punishment, and lack of a judicial trial[.]" *Id.* at 384. Defendants argue that they are entitled to judgment on the pleadings on Hector's bill-of-attainder claim because Hector was terminated by the executive action of the county judge, not legislative action. They further argue that the ordinance did not identify Hector or in any way speak to her punishment.[6]

In response, Hector argues that the quorum court passed the ordinance with the intent to punish Hector with the expectation, soon realized, that Brumley would carry out that punishment. Hector relies on a decision out of the Seventh Circuit Court of Appeals stating that "the Supreme Court has not directly ruled either way on the applicability of the attainder ban to actions of executive and administrative agencies, and an argument can be made for analyzing each case functionally rather than structurally." *Dehainaut v. Pena*, 32 F.3d 1066, 1070–71 (7th Cir. 1994) (quoting J. Blackburn's concurrence in *Joint Anti–Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 143 (1950)).[7]  Hector also relies on *Crain v. City of Mountain Home*, which held that while a challenged ordinance was facially constitutional, it "factually constitutes improper action taken by the council in an effort to make Crain forfeit his position since, as a practical matter, its intent was to punish him if he accepted the rights and obligations of his

---

[5] Art. I, § 10 cl. 1 of the United States Constitution

[6] Defendants rely on *NewRays One LLC v. Faulkner Cnty., Arkansas*, No. 4:24-CV-00824-LPR, 2024 WL 4468784 (E.D. Ark. Oct. 8, 2024). However, the plaintiff did not make a bill-of-attainder claim in that case.

[7] "It is true that the classic bill of attainder was a condemnation by the legislature following investigations by that body, ... while in the present case the Attorney General performed the official tasks. But I cannot believe that the authors of the Constitution, who outlawed the bill of attainder, inadvertently endowed the executive with power to engage in the same tyrannical practices that had made the bill such an odious institution."

elective position."  611 F.2d 726, 729 (8th Cir. 1979).

Taking all of Hector's allegations as true and making reasonable inferences on her behalf, Defendants are not entitled to judgment as a matter of law on Hector's bill-of-attainder claim. While the ordinance does not identify Hector, a jury could find from the alleged facts and allowable inferences that the reason the quorum court passed the ordinance was to get rid of her as Director of the Saline County Library. Defendants admitted that she was the only library employee fired after the ordinance went into effect.

As to the issue of punishment, the Eighth Circuit has stated that "[t]o rise to the level of 'punishment' ... harm must fall within the traditional meaning of legislative punishment, fail to further a non-punitive purpose, or be based on a [legislative] intent to punish." *Planned Parenthood of Mid–Mo. v. Dempsey,* 167 F.3d 458, 465 (8th Cir.1999) (citing *Nixon v. Administrator of Gen. Servs.,* 433 U.S. 425, 473 (1977) and *Selective Serv. Sys. v. Minn. Pub. Interest Research Group,* 468 U.S. 841, 852 (1984)). "Whether legislative action curtailing a privilege previously enjoyed amounts to punishment depends upon 'the circumstances attending and the causes of the deprivation." *Garner v. Bd. of Pub. Works of City of Los Angeles*, 341 U.S. 716, 722 (1951). Hector lost her job, and "a sanction of mandatory forfeiture of job or office has long been considered punishment under the bill of attainder clause." *Crain* 611 F.2d at 728. Though the actual firing was performed by Brumley, the Supreme Court has stated that the prohibition against bills of attainder applies to "legislative acts, no matter what their form." *United States v. Lovett*, 328 U.S. 303, 315 (1946). Hector has alleged sufficient facts to survive an adverse judgment on the pleadings on her claim that Saline County Ordinance 1978-01, Article 5, as amended by the quorum court, constitutes a prohibited bill of attainder.

<u>Conclusion</u>

For the reasons stated above, Defendants' motion for partial judgment on the pleadings

(Doc. No. 7) is DENIED.

IT IS SO ORDERED this 20th day of October, 2025.

_____
United States District Judge